The Honorable Ted Strickland President of the Colorado State Senate State Capitol Denver, Colorado 80203
Dear Senator Strickland:
This opinion letter is in response to your October 15, 1987, inquiry about whether funds appropriated to the Local Government Mineral Impact Fund, section 34-63-102(3)(b), (5)(a), C.R.S. (1984), (hereinafter, the "Mineral Impact Fund"), can be transferred to the Office of the Governor, or to another executive department, for distribution.
QUESTIONS PRESENTED AND CONCLUSIONS
Specifically, you ask the following questions:
1. For what purposes can Mineral Impact Funds be spent?
 Consistent with federal law, see 30 U.S.C.A. § 191 (West 1982), the Colorado General Assembly has authorized the distribution of Mineral Impact Funds to: 1) counties in whose unincorporated areas employees of affected facilities reside; and 2) "state agencies, public schools, and political subdivisions of the state . . . for planning, construction, and maintenance of public facilities and for public services," with priority given to "those public schools and political subdivisions socially or economically impacted by the development, processing, or energy conversion of fuels and minerals leased under said federal mineral lands leasing act." Section 34-63-102(1)(a), (b), (3)(b)(III), (5)(a), C.R.S. (1984).
2. Can the Executive Director of Local Affairs delegate or transfer authority to the Governor or another executive department to expend Mineral Impact Funds?
No.
3. Can Mineral Impact Funds transferred from the Department of Local Affairs to another department be spent without legislative-appropriated spending authority?
No.
4. Can the Mineral Impact Funds be appropriated by the Legislature without statutory changes?
No.
ANALYSIS
The Mineral Impact Fund is a subset of the Mineral Leasing Fund, which is comprised of moneys paid to the State of Colorado by the federal government pursuant to 30 U.S.C.A. § 191 (West 1982).See sections 34-63-101 and 102, C.R.S. (1984 1986 Supp.). Such moneys are derived from "sales, bonuses, royalties including interest charges collected under the Federal Oil and Gas Royalty Management Act of 1982 [30 U.S.C.A. § 1701 et seq.] and rentals of the public lands under the provisions of this chapter and the Geothermal Steam Act of 1970 [30 U.S.C.A. § 1001 et seq.]. . . ." 30 U.S.C.A. § 191 (West 1982).
Consistent with the federal limitation on use of these moneys,id., the Mineral Leasing Fund, and, in turn, the Mineral Impact Fund, exist "for use by state agencies, public schools, and political subdivisions of the state . . . for planning, construction, and maintenance of public facilities and for public services," section 34-63-102(1)(a), C.R.S. (1984), with priority "given to those public schools and political subdivisions socially or economically impacted by the development, processing, or energy conversion of fuels and minerals leased under said federal mineral and leasing act," section 34-63-102(1)(b), C.R.S. (1984).
With respect to the Mineral Impact Fund, the statute provides that "The Executive Director of the Department of Local Affairs shall distribute moneys from such fund," first to counties in whose unincorporated area employees of facilities from which the moneys were derived reside, and next, in accord with the purposes and priorities mentioned above. Section 34-63-102(3)(b)(II), (III), (5)(a), C.R.S. (1984). Significantly, the Legislature has limited the authority to distribute moneys from the Mineral Impact Fund solely to the Executive Director of the Department of Local Affairs. There is no statutory provision for a delegation of this authority. Funds cannot, then, be transferred either by or to the Governor for use by another executive department.Colorado General Assembly v. Lamm, 700 P.2d 508 (Colo. 1985). Nor may the Legislature effectuate a transfer of funds either to the Governor or to another executive department simply through the general appropriation process; an amendment to the substantive statutes would be required, seeAnderson v. Lamm, 195 Colo. 437, 579 P.2d 620, 624
(1978), consistent, of course, with the limitations imposed by the federal act. See 30 U.S.C.A. § 191 (West 1982). Of course, the Executive Director may distribute impact assistance moneys to a state agency for statutorily authorized purposes, however, those moneys could not be expended by that state agency unless the agency has its own spending authority for those purposes pursuant to legislative appropriation.See Colorado General Assembly v. Lamm,supra.
SUMMARY
Mineral Impact Funds can only be used for the purposes set forth in sections 34-63-101 and 102, C.R.S. (1984 1986 Supp.), and any change in the purposes for which the funds may be expended would have to be consistent with the restrictions imposed on the state by the federal government. Presently, the Executive Director of the Department of Local Affairs has, and cannot transfer, authority to distribute Mineral Impact Funds. Any such transfer of authority would require not only legislative appropriation spending authority, but an amendment of the substantive provisions of the statutes themselves.
Sincerely,
 DUANE WOODARD Attorney General
APPROPRIATIONS MINERAL RIGHTS TRUST FUNDS FEDERAL GRANTS
30 U.S.C.A. § 191 (West 1982)
Section 34-63-101 and 102, C.R.S. (1984 1986 Supp.)
LEGISLATIVE BRANCH Senate
Under current statutes Mineral Impact Funds in the Local Government Mineral Impact Fund cannot be transferred by the Governor or Legislature to another department.